UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61672-CIV-MORENO/SELTZER

EMMETT CALDWELL,

    Plaintiff,

vs.

JOHNSON CONTROLS SECURITY
SOLUTIONS, LLC, SENSORMATIC
ELECTRONICS, LLC, and ROSS DRESS
FOR LESS, INC.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Incorporated Memorandum of Law ("Motion" or "Motion to Dismiss") (DE 14), filed by Defendants Johnson Controls Security Solutions, LLC ("JCSS") and Sensormatic Electronics, LLC ("Sensormatic") (collectively, "Defendants"), which was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (DE 19). For the reasons that follow, the undersigned respectfully RECOMMENDS that the Motion (DE 14) be GRANTED.

I.    BACKGROUND

On October 26, 2018, Emmett Caldwell ("Plaintiff") filed a five-count Second Amended Complaint (DE 13); the first four counts are directed to Defendants. Plaintiff purports to state claims against each Defendant for strict liability and for negligence.[1]

---

[1] Although none of the counts in the Second Amended Complaint are numbered, the first count is entitled "Strict Liability Claim against Johnson," the second "Negligence Claim Against Johnson," the third "Strict Liability Claim Against Sensormatic," and the fourth "Negligence Claim Against Sensormatic."

Plaintiff alleges that Defendants are "in the business of designing, manufacturing, distributing, and selling security tags which are affixed to clothing, and other products, for loss prevention" and that both entities "designed, manufactured, distributed, and sold throughout Florida a security tag" that is "designed to be activated upon leaving the store, if not detached and removed beforehand from the clothing" (DE 13 ¶¶ 5, 7, and 8). Plaintiff further alleges that he stepped on the illegally removed "nail" portion of a clothing security device that shoplifters or store employees left under a bench in a Ross Dress for Less, Inc. ("Ross") dressing room. This incident resulted in bodily injury, pain and suffering, medical expense, and loss of earnings.

To support his claims that each Defendant is liable in strict products liability, Plaintiff has alleged that the subject clothing security device "is and was unreasonably dangerous to persons in the vicinity of the product, including plaintiff" and that it "caused injury to Plaintiff without any change whatsoever" to its condition (DE 13 ¶¶ 15, 27). Plaintiff also has alleged that the entire clothing security device – not just the alleged "nail" insert – is "unreasonably dangerous because of its design and warnings" (DE 13 ¶¶ 16, 28). And to support his claims that each Defendant is liable for negligence, Plaintiff has alleged that each "had a duty of reasonable care in safeguarding persons such as Plaintiff from being unreasonably exposed to the danger of the nails which are routinely removed from the Tags and left behind in dressing rooms" (DE 13 ¶¶ 21, 33). According to Plaintiff, JCSS and Sensormatic breached this duty by placing the clothing security device "on the market; by failing to provide appropriate warnings; and by carelessly designing" it (DE 13 ¶¶ 23, 35). Finally, Plaintiff alleges that each Defendant was negligent due to its alleged "failure to use reasonable care, or the care that a reasonably careful designer, manufacturer,

distributor, or seller would use under like circumstances" and that these alleged failures "proximately caused" him to suffer a variety of injuries (DE 13 ¶¶ 24-25, 36-37).

II.     LEGAL STANDARD

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the cause of action will not do." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." Id. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949).

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 959 (11th Cir. 2009) (quoting St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002)). In reviewing the complaint, the court must do so in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well-pleaded facts as true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir. 2007). But "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."

Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citation omitted); see also Iqbal, 129 S. Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

III.   MOTION

Defendants raise two arguments in support of their Motion to Dismiss.

A.   Sufficiency of Pleading

Defendants first argue that Plaintiff's claims fail because they are devoid of any facts establishing the elements of strict liability or negligence; they instead contain nothing more than unsupported legal conclusions.  According to Defendants, Plaintiff's allegations fail to identify a defect or explain why the internal nail is unreasonably dangerous for its intended use or describe how the injury-causing product – the internal nail – was in the same condition as when it left Defendants' control.

To state a claim in Florida for strict products liability based on a design defect, a plaintiff must allege all of the following: "(1) that a defect was present in the product; (2) that it existed at the time the manufacturer parted possession with the product; and (3) that it caused the injuries of which the Plaintiff complains." Barrow v. Bristol-Myers Squibb, 1998 WL 812318, at *27 (M.D. Fla. Oct. 29, 1998) (citations omitted); see also Cassisi v. Maytag Co., 396 So. 2d 1140, 1143 (Fla. 1st DCA 1981). A design defect is present "where unforeseen hazards accompany normal use of the product created according to design." See Cassisi, 396 So. 2d at 1145.  To state a products liability claim based on negligence, including negligent design or manufacture, a plaintiff must show all of the following: (1) the defendant owed a duty of care towards the plaintiff; (2) the defendant breached that duty; (3) the breach was the proximate cause of the plaintiff's injury; and (4)

the product was defective or unreasonably dangerous. Cook v. MillerCoors, LLC, 829 F. Supp. 2d 1208, 1217 (M.D. Fla. 2011).[2]

Here, Plaintiff has alleged that Defendants designed, manufactured, distributed, and sold throughout Florida a security tag referred to as a Sensormatic Supertag. The Supertag is a hard loss prevention tag composed of a nail embedded into a round hard plastic piece, which, in turn, is inserted into a hard plastic tag, containing a warning/sounding mechanism. The tag is designed to be activated upon leaving the store, if not detached and removed beforehand from the clothing (DE 13 ¶ 8). Further, Plaintiff alleges that Defendants' tag is defective because of a design defect and lack of warnings and was unreasonably dangerous to persons in the vicinity of the product, including Plaintiff, and caused injury to Plaintiff without any change to the condition of the Tag (DE 13 ¶¶15, 27). More specifically, Plaintiff alleges that the tag is unreasonably dangerous because of its design and warnings in that it was ultimately detached in an area and for a purpose that was reasonably foreseeable by Defendants (DE 13 ¶¶ 16, 28). Stated differently, the tag is allegedly unreasonably dangerous because when the embedded nail was detached from the hard plastic tag containing the warning/sounding mechanism and exposed in an area and in a manner reasonably foreseeable, the nail was likely to cause injury to customers, including Plaintiff. Contrary to Defendants' argument, therefore,

---

[2] "The test for determining whether a product is defective varies depending upon the theory asserted." Barrow, 1998 WL 812318, at *27. When a design-defect claim is based on negligence, the plaintiff must demonstrate that the manufacturer "has a duty to exercise reasonable care so that its products will be reasonably safe for use in a foreseeable manner, and the manufacturer has breached that duty." Id. (citation omitted). And when a plaintiff asserts that a defendant is strictly liable for a design defect, the plaintiff "must show that, when the product left the manufacturer's control, it was in a defective condition unreasonably dangerous to foreseeable users and bystanders." Id. (citation omitted).

Plaintiff has identified the alleged defect in the tag and explained why the nail is dangerous. Accordingly, the undersigned concludes that Plaintiff has pled sufficient factual content to allow the Court to draw the reasonable inference that Defendants are liable for the misconduct alleged.

    B.    <u>Defendants' Duty</u>

Defendants' second argument is that Plantiff's "negligence and strict liability claims rest on the false foundation that [Defendants] can and did undertake a responsibility to design a product safe for unintended and illegal uses" and that Plaintiff's "claim that the alleged clothing safety pin was defective because it allegedly failed to prevent misuse therefore fails to state a viable design defect claim" (DE 14 at 8). The undersigned concurs.

"A knowing misuse of a manufacturer's product creates no liability on the part of the manufacturer. Under that circumstance, the sole cause of the injury is the misuse of the product." <u>Clark v. Boeing Co.</u>, 395 So.2d 1226, 1229 (Fla. 3d DCA 1981) (collecting cases); <u>see also</u> <u>High v. Westinghouse Elec. Corp.</u>, 610 So. 2d 1259, 1262 (Fla. 1992) (dismissing strict liability claim against manufacturer because "dismantling a product is not an intended use" that can give rise to a strict product liability claim as a matter of law). Similarly, Plaintiff's allegations do not state a negligence claim because Defendants did not owe Plaintiff a duty to design such a product. <u>See</u> <u>Jenkins v. W.L. Roberts, Inc.</u>, 851 So. 2d 781, 783 (Fla. 1st DCA 2003) ("The duty element of negligence is a threshold legal question; if no legal duty exists, then no action for negligence may lie."); <u>Aircraft Logistics, Inc. v. H.E. Sutton Forwarding Co., LLC</u>, 1 So. 3d 309, 311 (Fla. 3d DCA 2009) ("The fact that harm may occur does not automatically create a legal duty.").

In Florida, a manufacturer has no duty "to take all possible measures to ensure that its products could not be misused by anyone who might, even foreseeably, come into possession of them." Jennings v. BIC Corp., 181 F.3d 1250, 1257-58 (11th Cir. 1999) ("Decisions of the Florida courts demonstrate that a maker or seller of a product need not go to extreme lengths to protect foreseeable users of its products.") (citations omitted). A manufacturer therefore has no liability for harm caused by a "defective" customer, let alone a criminal shoplifter or a negligent retail employee. Id.; see also Vic Potamkin Chevrolet, Inc. v. Horne, 505 So. 2d 560, 562 (Fla. 3d DCA 1987). "The law is clear that, in Florida, the manufacturer is not to assume the role of insurer." Mendez v. Honda Motor Co., 738 F. Supp. 481, 484 (S.D. Fla. 1990) ("[A] manufacturer is, as a matter of law, under no duty to produce a fail-safe product, so long as the product poses no unreasonable dangers for consumer use.") (citations omitted).

Here, Defendants were under no duty to confirm that criminal shoplifters or negligent retail employees did not dangerously dismantle its products (DE 13 ¶ 13). Defendants had no role in overseeing the maintenance and cleanup of Ross dressing rooms or in providing security to detect misuse of its products. Nor does Florida law impose upon manufacturers a burden to anticipate and oversee every misuse of its products. See Vic Potamkin Chevrolet, Inc., 505 So. 2d at 563 ("The creation of a duty on the part of the seller to guarantee the acts of a buyer would be manifestly unreasonable.").

The undersigned concludes that the strict liability and negligence claims – the first four counts of the Second Amended Complaint – fail as a matter of law because Plaintiff cannot state a legally recognized duty that Defendants have breached. See Grunow v. Valor Corp. of Florida, 904 So. 2d 551, 554 (Fla. 4th DCA 2005) (acknowledging that

neither a manufacturer nor distributor has a duty to prevent the sale of a non-defective product to consumers who may cause harm with them); BIC Corp., 181 F.3d at 1257-58 (holding defendant manufacturer had no legal duty to plaintiff to child-proof its product); Mendez, 738 F. Supp. at 484 (granting defendant's motion to dismiss and partial summary judgment on plaintiff's strict liability and negligence claims where the product was not defective and the plaintiff misused the product).  Because Plaintiff cannot state a legally recognized duty that Defendants have breached, further amendment of the complaint would be futile.

IV.   CONCLUSION

For the reasons set forth above, the undersigned respectfully RECOMMENDS that Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Incorporated Memorandum of Law (DE 14) be GRANTED and that the Second Amended Complaint against Defendants Johnson Controls Security Solutions, LLC and Sensormatic Electronics, LLC be DISMISSED with PREJUDICE as any amendment of the complaint would be futile.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue

covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 13th day of February 2019.

BARRY S. SELTZER
United States Magistrate Judge

Copies via CM/ECF to:

Honorable Federico A. Moreno
United States District Judge

All counsel of record